**This order is SIGNED.**

**Dated: February 16, 2024**



KEVIN R. ANDERSON
U.S. Bankruptcy Judge

*Prepared and submitted by:*
James W. Anderson (9829)
Landon S. Troester (18567)
**CLYDE SNOW & SESSIONS**
201 South Main Street, Suite 2200
Salt Lake City, Utah 84111
Telephone/Facsimile: (801) 322-2516
Emails: jwa@clydesnow.com
         lst@clydesnow.com

*Counsel for the Chapter 11 Trustee, Mark D. Hashimoto*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| In re: | Bankruptcy Case No. 19-26528 |
|---|---|
| **THEODORE LAMONT HANSEN** | **Chapter 11** |
|  | Judge Kevin R. Anderson |
| Debtor. | (Filed Electronically) |

### FINDINGS OF FACT CONCLUSIONS OF LAW AND ORDER CONFIRMING TRUSTEE'S AMENDED PLAN OF LIQUIDATION, DATED OCTOBER 25, 2023

Confirmation of the Trustee's Amended Plan of Liquidation, dated October 25, 2023 [docket # 395] (the "Plan") came before the Honorable Kevin R. Anderson on February 2, 2024, at 10:00 a.m. Proper notice of the confirmation hearing having been made, the Bankruptcy Court,[1]

---

[1] Capitalized terms used but not defined herein are defined in the Plan. Unless otherwise provided, all references to statutory sections in this Order are references to the Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

{02241147-3 }

1

having considered the matters before it, including the Plan, the Plan ballots, the testimony of the Trustee, Mark D. Hashimoto, proffered in support of confirmation of the Plan which is on file with the Bankruptcy Court [docket # 438], all objections to the Plan having been withdrawn, all Classes of Creditors having voted to accept the Plan, and good cause appearing, hereby makes the following Findings of Fact, Conclusions of Law, and Order, in addition to the findings of fact made of record at the hearing:

1. The Declaration of Mark D. Hashimoto, located at Docket # 438, is hereby adopted as factual findings of the Court.

2. Notice of the Confirmation Hearing was sufficient and complied with applicable requirements of the Bankruptcy Code and Bankruptcy Rules.

3. The Plan complies with applicable provisions of the Bankruptcy Code.

4. The Plan complies with applicable provisions of section 1122 of the Bankruptcy Code in that it has placed within each respective Class only those Claims which are substantially similar. Each secured claim is separately classified according to its various rights, all general unsecured claims are classified in Class 5, and Classes 4, 6 and 7 address the unique position of the claimants with claims against the alleged BH-TH Venture.

5. The Plan complies with section 1122 in that the there are not too few or too many Classes, the classification is not designed to manipulate voting, and the classification scheme does not violate basic priority rights.

6. The Plan complies with the applicable provisions of section 1123 of the Bankruptcy Code as specifically described hereafter and in the proffered testimony of Mark D. Hashimoto at the Confirmation Hearing.

7. The Plan complies with sections 1123(a)(1) through (4) of the Bankruptcy Code in that it designates Classes of Claims and Classes of Interests, specifies which Classes of Claims and Interests are and are not Impaired, specifies the treatment of all Impaired Classes of Claims and Interests; and provides for the same treatment for each Claim or Interest of a particular Class unless the holders thereof agree to a less favorable treatment.

8. The Plan complies with sections 1123(a)(5) of the Bankruptcy Code in that the Plan provides adequate means for implementation, including, without limitation, the creation of the Liquidating Trust.

9. The Plan complies with section 1123(b) of the Bankruptcy Code in that it provides for the treatment of all Claims and Interests, whether Impaired or otherwise, provides for the assumption or rejection of all executory contracts or unexpired leases of the Debtor, and includes other appropriate provisions not inconsistent with the Bankruptcy Code.

10. The Plan complies with section 1126(a) of the Bankruptcy Code in that holders of Claims or Interests have been entitled to vote to accept or reject the Plan.

11. Ballots soliciting acceptances or rejections of the Plan have been provided to each such holder entitled to vote, and such Ballots have been tabulated by Trustee's counsel.

12. The results of such balloting have been filed with the Bankruptcy Court and no party in interest has objected either to the procedures for notice and balloting, the execution of such procedures, or the final tabulation of such Ballots.

13. At the Confirmation Hearing, the Trustee's counsel reported an update to the Ballot Report, clarifying that both creditors who initially voted to reject the Plan have withdrawn their ballots entirely.

14. Following withdrawal of the only ballots voting for rejection of the Plan, the Plan complies with section 1126(c) of the Bankruptcy Code in that all impaired Classes have voted to accept the Plan.

15. The Plan complies with the applicable provisions of section 1129 of the Bankruptcy Code as specifically described hereafter.

16. The Plan complies with section 1129(a)(2) of the Bankruptcy Code in that the Trustee complied with the applicable provisions of title 11 of the United States Code.

17. The Plan complies with section 1129(a)(3) of the Bankruptcy Code in that the Trustee has proposed the Plan in good faith and not by any means forbidden by law.

18. The Plan complies with section 1129(a)(4) of the Bankruptcy Code in that any payment made or to be made by the Trustee for services or for costs and expenses in or in connection with the Bankruptcy Case has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable.

19. The Plan complies with section 1129(a)(5) of the Bankruptcy Code as the Plan identifies and designates Mark D. Hashimoto as the initial Liquidating Trustee and provides the required information regarding his relevant background and affiliations.

20. Section 1129(a)(6) of the Bankruptcy Code does not apply because there is no such rate change sought.

21. The Plan complies with sections 1129(a)(7) and (8) in that with respect to each Impaired Class of Claims or Interests, holders of such Class have accepted the Plan, or will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective

Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code.

22. The Plan complies with section 1129(a)(9)(A) in that, except to the extent that a holder of a particular Claim has agreed to a different treatment, the Plan provides that, with respect to Claims of a kind specified in sections 507(a)(2) or (3) of the Bankruptcy Code, the holder of such a Claim will receive, on the Effective Date or the date such Claim becomes Allowed, Cash equal to the Allowed amount of such Claim.

23. The Plan complies with section 1129(a)(9)(B) in that there are no claims of a sort identified in section 507(a)(1), and 507(a)(4) through (a)(7) in this case.

24. The Plan complies with section 1129(a)(9)(C) in that the holders of Claims of the kind specified in section 507(a)(8) will receive Cash equal to the Allowed amount of such Claims within the time period stated in section 507(a)(8);

25. The Plan complies with section 1129(a)(10) in that all Impaired Classes of Claims either (i) voted to accept the Plan, or (ii) had no votes or objections lodged at all, leading to a deemed acceptance of the Plan by those non-voting Classes.

26. The Plan complies with section 1129(a)(11) in that Confirmation is not likely to be followed by the need for further financial reorganization or additional administration through new or replacement plans.

27. The Plan complies with section 1129(a)(12) in that the Plan provides for the payment of all fees payable under section 1930 of title 28 as of the Effective Date.

28. Sections 1129(a)(13) and (14) of the Bankruptcy Code do not apply because the Debtor does not have, and will not have, after the Effective Date, any obligation for the payment

of retiree benefits nor obligations under a domestic support order, as those terms are defined in the Bankruptcy Code.

29. Section 1129(a)(15) of the Bankruptcy Code does not apply because no holder of an Allowed Unsecured Claim has maintained an objection to the Plan which has not been withdrawn.

30. Section 1129(a)(16) of the Bankruptcy Code does not apply because the Debtor is not one of entities subject to such special restrictions on transfers.

31. All objections to Confirmation filed have been withdrawn by the objecting parties.

32. A Disclosure Statement, under section 1125, has been sent to all Creditors.

## CONCLUSIONS OF LAW AND ORDER

Based on the foregoing Findings of Fact, the Court hereby concludes, as a matter of law, and orders that:

A. <u>Confirmation</u>. The Plan is approved and confirmed under section 1129.

B. <u>Binding Effect</u>. The Plan and its provisions, as modified by this Order, shall bind the Debtor, all Creditors, Interest Holders and other parties in interest, whether or not the Claim or Interest of such Creditor or Interest Holder is impaired under the Plan and whether or not such Creditor or Interest Holder has accepted the Plan.

C. <u>Vesting of Assets</u>. Pursuant to the Plan and except as otherwise expressly provided in the Plan, on the Effective Date, without any further action, all of the Assets of the Debtor's Estate shall vest in the Liquidating Trust, free and clear of all Claims, liens, encumbrances, charges and other interests, except as otherwise provided in the Plan and this Order. From and after the Effective Date, the Liquidating Trustee shall administer the Liquidating Trust in accordance with

the Plan and the Liquidating Trust Agreement, without supervision by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Rules, including applicable local rules, other than those restrictions expressly imposed by the Plan.

D. <u>Assumption or Rejection of Executory Contracts and Unexpired Leases</u>. Pursuant to Section 10.1 of the Plan, as of the Effective Date, executory contracts and unexpired leases of the Debtor are rejected, unless otherwise set forth in the Plan, or other Order of the Bankruptcy Court.

E. <u>Preservation of Rights of Action</u>. Pursuant to the Plan, the Estate and the Liquidating Trust shall retain, as of the Effective Date, and may enforce any and all Claims and causes of action held by the Estate.

F. <u>Discharge of the Debtor</u>. Pursuant to Section 11.1 of the Plan, this Order does not result in a discharge of the Debtor. The Plan required the Debtor, if he believed he was entitled to a discharge under the Bankruptcy Code, to bring a motion before the court prior to Confirmation of the Plan. By this Order, any right to a discharge of the Debtor arising out of this case is barred.

G. <u>Objection of Liverpool Venture and Brinton-Related Parties</u>. Objections to confirmation of the "Trustee's Amended Plan of Liquidation Dated October 25, 2023," which includes, as an exhibit, the "Theodore L. Hansen Liquidating Trust Agreement" (the "Liquidating Trust") [docket # 395 and collectively referenced as the "Plan"], have been filed by certain objectors (the "Objectors"). The Objectors include Liverpool Venture, Inc. as well as the parties commonly denominated as the Brinton-related parties consisting of all of the defendants, cross-defendants, and third-party defendants in litigation styled as *Weller, et al. v. Brinton, et al.*, Adv. Pro. No. 19-02132 (United States Bankruptcy Court, District of Utah, Central Division), *Hansen*

*v. Brinton et al.*, Adv. Pro. No. 20-02053 (United States Bankruptcy Court, District of Utah, Central Division), *B T Holdings of Utah, LLC, et al. v. Brinton, et al.*, Case No. 200400754 (Fourth Judicial District Court, County of Utah, State of Utah), and Liverpool as a defendant in *Hashimoto v. United States of America Small Business Administration, et al.*, Adv. Pro. No. 23-02025 (United States Bankruptcy Court, District of Utah, Central Division) as well as any other litigation which may be brought pursuant to the assignment of litigation rights from this chapter 11 Estate to the Liquidating Trust as contemplated in the Plan [docket # 410] (the "Objections"). These litigation rights are hereafter referenced collectively as the "Litigation."

      H.     As to the concerns raised in the Objections, the Court finds and concludes that they primarily address issues related to the Litigation, and are largely irrelevant to confirmation of the Plan. But insofar as the Objections are intended to preserve Objectors' rights, claims, interest, and defenses (including, without limitation, lien rights and setoff rights and rights to attorneys' fees) in the Litigation (the "Objectors' Claims") the denial of Objectors' Claims for purposes of confirmation of the Plan shall be and is without prejudice to their preservation and assertion for all purposes in connection with the Litigation. Therefore, the confirmation decree or Final Order confirming the Plan (the "Decree") shall have no preclusive effect, whether or res judicata or collateral estoppel, on the Objectors' Claims in the Litigation. Pursuant to 11 U.S.C. § 1141(c), this paragraph supersedes and controls over anything to the contrary in the Plan. The foregoing language in this paragraph of the Decree preserves the Objectors' Claims for purposes of assertion as a shield which blocks or limits recoveries against Objectors in the Litigation, but, in the absence of an allowable and allowed claim under the Plan, does not entitle any Objector to any rights of distribution from the Liquidating Trust.

I. No finding or conclusion in this Decree respecting Confirmation of the Plan is intended to nor shall it have the effect of adding to or subtracting from the presently existing rights of any party or successors in interest to any party to the Litigation.

J. In addition to the foregoing, and consistent with the clarifications sought in the Objections, neither the Plan nor this confirmation Decree shall be interpreted, applied, or enforced to preclude any party, by suit or otherwise, from asserting any right, claim, interest, or defense, including without limitation any claim respecting liens, setoffs, and attorneys' fees, against either the Debtor herein, or any non-debtor person or entity, exclusive of the Liquidating Trust, including, without limitation, any property of the Debtor which is not property of the estate under 11 U.S.C. § 541 which has not been transferred, pursuant to the Plan, to the Liquidating Trust. Neither the Plan nor this Decree discharges any claim which any party may have against the Debtor or any non-debtor person or entity. In harmony with *Landsing Diversified Properties-II v. First Nat'l Bank and Trust Co. of Tulsa,* 922 F.2d 592, 601–602 (10th Cir. 1990), as well as the notice of confirmation hearing sent out by the Trustee in this matter under Bankruptcy Rule 2002(c)(3) [docket # 407], neither the Plan nor this Decree enjoins the Objectors from enforcing, by suit or otherwise, any rights, claims, or interests they may have in relation to any non-debtor person or entity, exclusive of the Liquidating Trust. Because the Court has found, pursuant to 11 U.S.C. § 1129(a)(3), that the Plan complies with applicable law, neither the Plan nor this Decree shall be interpreted, applied, or enforced to alter any rights of priority which Objectors and other parties in interest may have under applicable law in relation to the Debtor or any non-debtor person or entity exclusive of the Liquidating Trust. As used in this paragraph of the Decree, the term Liquidating Trust is defined broadly to include all of the property formerly part of the chapter 11 Estate which

has been transferred, pursuant to the Plan, to the Liquidating Trust, but such definition does not qualify the right of Objectors as noted above to assert their Objectors' Claims as a defensive shield in the Litigation.

K. <u>Objection of Capital Community Bank</u>. An objection was also lodged by Capital Community Bank ("CCB") [docket # 426], which raised objections regarding the Plan and its relationship to the ongoing adversary case regarding the proceeds generated from the Trustee's sale of the "Tamarack Home," captioned *Hashimoto v. United States of America Small Business Administration et al.,* Adv. Pro. No. 23-02025. That objection has since been withdrawn [docket # 439].

L. Pursuant to the terms of the settlement agreement made between the Liquidating Trust and Kara Hansen, Kara Hansen is a creditor of the estate, payment to whom by the Liquidating Trust is contingent on the resolution of Adversary Case Proceeding No. 23-02025 as against other creditors with recorded judgment liens, including Capital Community Bank. The Liquidating Trust will pay creditors pursuant to the terms of the: 1) Order Granting Motion to Sell Property Free and Clear of Liens under Section 363(f), [docket # 373], and 2) Order Granting Motion to Approve Settlement with Kara Hansen [docket # 344], which orders shall remain in full force and effect.

M. Withdrawal of CCB's Objection to Confirmation of the Amended Plan, and the entry of an order confirming the Amended Plan, shall have no effect, whether preclusive or evidentiary, on the litigation of Adversary Case No. 23-02025 or the right, claims or interests otherwise asserted by Capital Community Bank, and/or its successors and assigns, including

{02241147-3 }

Capital Community Bank's right to payment should it prevail on its claim in Adversary Case No. 23-02025.

     N.    <u>Notice of Entry of Confirmation</u>. Within ten (10) Business Days following the entry of this Order, the Trustee shall serve notice of the entry of this Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c) on all Creditors and Interest holders, the United States Trustee, and other parties in interest, by causing a copy of this Order to be delivered to such parties via first-class mail, postage prepaid.

     O.    <u>Bankruptcy Court Retention of Jurisdiction</u>. Notwithstanding anything contained in the Plan, this Court shall retain jurisdiction over the Estate and Liquidating Trust only to the extent permitted under the Bankruptcy Code. This Court shall retain jurisdiction to the extent necessary to enforce the Plan.

     P.    <u>Entire Agreement</u>. The Plan, as modified by this Order in paragraphs "G"–"M" above, supersedes all prior discussions, understandings, agreements, and documents pertaining to or relating to any subject matter of the Plan. If any inconsistency between the provisions of this Order and the provisions of the Plan exists, the provisions of the Plan will govern and control except as to those modifications to the Plan provided in paragraphs "G"–"M" of this Order, which govern and control to the extent they contradict the Plan. However, nothing in this Order or the Plan contravenes or supersedes any prior Order of the Bankruptcy Court approving any settlement agreement or compromise with any Creditor.

     Q.    <u>Implementation</u>. The Trustee is hereby authorized and directed to implement the terms of the Plan, and perform such other acts as required by the Plan.

-------------------------- END OF ORDER ------------------------

Case 19-26528 Doc 442 Filed 02/16/24 Entered 02/16/24 14:44:00 Desc Main
Document Page 12 of 14

**APPROVED AS TO FORM:**

*/s/ Alan L. Smith*\*
Alan L. Smith (Utah Bar No. 2988)
Attorney & Counselor at Law
1169 East 4020 South
Salt Lake City, Utah 84124

*Attorney for Liverpool Venture, Inc.
and the Brinton-Related Parties*

SCALLEY READING BATES
HANSEN & RASMUSSEN, P.C.

*/s/ Mark S. Middlemas*\*
Darwin H. Bingham
Mark S. Middlemas

*Attorneys for Capital Community Bank*

\**Electronic signatures affixed with permission by the filing attorney.*

{02241147-3 }
12

## DESIGNATION OF PARTIES TO RECEIVE NOTICE

The foregoing Order shall be served to the parties and in the manner designated below:

**By CM/ECF:** I certify that the parties of record in this case as identified below are CM/ECF users, and will be served notice of entry of the foregoing Order through the CM/ECF System:

- **James W. Anderson**   jwa@clydesnow.com, gmortensen@clydesnow.com
- **Troy J. Aramburu**   taramburu@swlaw.com, jritchie@swlaw.com,docket_slc@swlaw.com,awayne@swlaw.com
- **Darwin H. Bingham**   dbingham@scalleyreading.net, cat@scalleyreading.net
- **Matthew M. Boley**   mboley@ck.law, krenak@ck.law
- **Steven W. Call**   scall@rqn.com, docket@rqn.com,JLarsen@rqn.com
- **Deborah Rae Chandler**   dchandler@aklawfirm.com
- **T. Edward Cundick**   tcundick@wnlaw.com, tcundick-secy@wnlaw.com;orders@wnlaw.com
- **Richard W. Daynes**   richard.daynes@usdoj.gov, caseview.ecf@usdoj.gov;lacey.kiger@usdoj.gov
- **James H. Deans**   jhdlawoffice@gmail.com
- **John S. Gygi**   john.gygi@sba.gov
- **Charles W. Hanna**   c.hannalaw@gmail.com, charleshanna_attorney@yahoo.com
- **Dusten L. Heugly**   dh@dhattorney.com
- **Dane L. Hines**   budgetbankruptcyutah@gmail.com, hinesdr68395@notify.bestcase.com
- **George B. Hofmann**   ghofmann@ck.law, mparks@ck.law;apetersen@ck.law
- **Nathan G. Hoopes**   nhoopes@ruddfirm.com
- **Stephen P. Horvat**   shorvat@aklawfirm.com, krubino@aklawfirm.com
- **John H. Jacobs**   johnjacobslaw@gmail.com
- **Peter J. Kuhn**   Peter.J.Kuhn@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov
- **David H. Leigh**   dleigh@rqn.com, ASanchez@rqn.com;docket@rqn.com
- **Stephen W. Lewis**   swlewis@agutah.gov
- **John P Mertens**   jmertens@pamhlaw.com, jervin@pamhlaw.com
- **Mark S. Middlemas**   markmiddlemas@scalleyreading.net, markm@ecf.courtdrive.com
- **Blake D. Miller**   bmiller@aklawfirm.com, millermobile@gmail.com;miller.blaked@gmail.com
- **Mark O. Morris**   mmorris@swlaw.com, wkalawaia@swlaw.com;csmart@swlaw.com;Docket_SLC@swlaw.com
- **David W. Newman tr**   David.W.Newman@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov

- **Lester A. Perry**    lap@hooleking.com, apb@hooleking.com
- **Bruce M. Pritchett**    bpritchett@ruddfirm.com, bruce@pritchett-law.com
- **Jonathan R. Rudd**    jonathan@ruddfirm.com, nnielsen@ruddfirm.com,cwatters@ruddfirm.com
- **Joann Shields**    jshields@shieldslawfirm.net
- **Zachary T. Shields**    zshields@strongandhanni.com
- **Michael F. Skolnick**    mfskolnick@kippandchristian.com, npaez@kippandchristian.com,jspeckhals@kippandchristian.com,bmosier@kippandchristian.com,jlayton@kippandchristian.com
- **Alan L. Smith**    Alanakaed@aol.com
- **Mark H. Tanner**    mhtattorney@gmail.com
- **Michael F. Thomson**    thomsonm@gtlaw.com, stuverm@gtlaw.com;mike-thomson-2584@ecf.pacerpro.com
- **Jory L. Trease**    caseinfo@jltlawut.com, jorytrease@msn.com;janci@jltlawut.com;myecfemail.jtbankruptcy@gmail.com;r47629@notify.bestcase.com
- **Landon S. Troester**    ltroester@clydesnow.com, banderson@clydesnow.com
- **Jeffrey L. Trousdale**    jtrousdale@cohnekinghorn.com, mparks@ck.law;apetersen@ck.law
- **Jeff D. Tuttle**    jtuttle@swlaw.com, wkalawaia@swlaw.com;csmart@swlaw.com;docket_slc@swlaw.com
- **United States Trustee**    USTPRegion19.SK.ECF@usdoj.gov
- **Aaron M. Waite**    aaronmwaite@agutah.gov
- **D. Loren Washburn**    loren@washburnlawgroup.com

                                                                /s/ Landon S. Troester